# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-51025
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JESUS URBINA-LOPEZ, also known as Jesus Ubina-Lopez,

Defendant−Appellant.

*************************************************************

Consolidated with 19-51027

UNITED STATES OF AMERICA,

Plaintiff−Appellee

versus

JESUS URBINA-LOPEZ, also known as Jesus Ubina-Lopez,
also known as Jesus Lopez-Ubina, also known as Jesus Uvina Lopez,
also known as Jose Lopez Lopez, also known as Jesus Nunez-Lopez,
also known as Jesus Lopez Urbina, also known as Jose Lopez Urbina,
also known as Jesus Lopez, also known as Jesus Ubina Lopez,
also known as Jesus Urbina Lopez, also known as Jose Lopez,
also known as Urvina Lopez, also known as Jesus Urbina,
also known as Jose L Urbina, also known as Lopez Jesus Urbina,
also known as Jesus Urvina L,

Defendant−Appellant.

No. 19-51025
No. 19-51027

———————

Appeals from the United States District Court
for the Western District of Texas
No. 4:19-CR-48-1
No. 4:19-CR-23-1

———————

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jesus Urbina-Lopez appeals the 16-month within-guidelines sentence imposed for illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326.  He also appeals the concomitant revocation of his supervised release related to his prior conviction of illegal reentry.

Raising one issue on appeal, Urbina-Lopez urges that his new illegal-reentry sentence, imposed under § 1326(b)(1), violates his due process rights by exceeding the two-year statutory maximum in § 1326(a) because the indictment did not allege the prior conviction necessary for the § 1326(b)(1) enhancement.  He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998), but seeks to preserve the issue for further review.  The government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed and, in the alternative, a motion for an extension of time to file a brief.

As the government says and Urbina-Lopez concedes, the sole issue is

———

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-51025
No. 19-51027

foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625−26 (5th Cir. 2007). Because the issue is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Although the appeals of Urbina-Lopez's illegal-reentry conviction and supervised-release revocation were consolidated, he does not address the revocation in his appellate brief. Consequently, he has abandoned any challenge to the revocation or the revocation sentence. *See United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992).

Accordingly, the government's motion for summary affirmance is GRANTED, and the judgments are AFFIRMED. The government's alternative motion for an extension of time to file its brief is DENIED.